**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| Mark Mina, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>  v.<br><br>Red Robin International, Inc. and Red Robin Gourmet Burgers, Inc.,<br><br>    Defendants. | Civil Action No. 1:20-CV-00612-RM-NYW |

---

**UNOPPOSED JOINT MOTION TO STAY DISCOVERY**

---

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, Rule 6.1 of the Civil Rules of the District Court of Colorado, and this Court's Practice Standards, Plaintiff Mark Mina ("Plaintiff" or "Mina"), and Defendants Red Robin International Inc. and Red Robin Gourmet Burgers, Inc. (together "Defendants" or "Red Robin" and collectively with Plaintiff, the "Parties"), by and through their counsel, respectfully stipulate and jointly move this Court to stay discovery pending the Court's decision on Red Robin's Motion to Dismiss (Doc. 110). The Parties collectively certify that they have conferred with each other and jointly agree that the relief requested herein should be granted. The grounds and good cause for this motion are as follows:

1.    On September 15, 2021, Plaintiff filed his First Amended Complaint against Defendants asserting claims under the Telephone Consumer Protection Act ("TCPA") (Doc. 108). Plaintiff's claims are predicated on the receipt of text messages he received after providing his phone number to Red Robin. Plaintiff alleges that these text messages violated 47 U.S.C. §

227(b)(1)(A) of the TCPA, which restricts calls made using an (i) "automatic telephone dialing system" ("ATDS") or (ii) "artificial or prerecorded voice."

2.      On October 8, 2021, Red Robin filed a Motion to Dismiss with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) ("MTD") (Doc. 110).  Plaintiff filed a timely response on October 29, 2021 (Doc. 112) and Red Robin timely replied to Plaintiff's response on November 12, 2021 (Doc. 115).  As of the date of this filing, the MTD is fully briefed and pending before the Court.

3.      The Court's ruling on the MTD could be dispositive of the case and could serve to narrow the scope of discovery in this matter or eliminate the need for it entirely.  A stay pending resolution of the MTD would prevent the Parties from unnecessarily expending resources on issues that the Court may dispose of in the near future.  Additionally, the Court's ruling on the MTD could also affect the scope of – and need for – the Parties' expert disclosures.

4.      Accordingly, the Parties submit that it would be more efficient and cost-effective for both the parties and the Court to stay discovery pending the Court's decision on the MTD.

5.      Red Robin previously filed an unopposed motion to stay this action pending a decision by the United States Supreme Court in *Duguid v. Facebook* 926 F.3d 1146 (9th Cir. 2019), cert. granted, 2020 WL 3865252 (U.S. July 9, 2020) (No. 19-511) (Doc. 74), which was granted by the Court (Doc. 77).  The Parties have filed no subsequent requests for a stay since the previous stay was lifted by the Court (Doc. 82).

6.      Generally, courts have the "discretion to stay discovery while a dispositive motion is pending." *Medina v. Cath. Health Initiatives*, No. 13-CV-01249-REB-KLM, 2014 WL 3563364, at *1 (D. Colo. July 18, 2014).  In guiding their analysis as to whether to issue a stay, courts looks to a series of factors, including "(1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience

of the Court; (4) the interest of non-parties; and (5) the public interest." *Id.* (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

7.      Regarding factors one and two, staying discovery in this case would prejudice neither of the Parties, as both Parties are jointly requesting a stay of discovery. *Medina*, 2014 WL 3563364 at *2 (finding that "the first and second *String Cheese Incident* factors weigh in favor of a stay" when that stay is jointly requested).

8.      The third factor also weighs in favor of a stay because the Court's ruling on the MTD will help determine which claims, in any, would move forward. The Court would also benefit from a stay, as "any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss." *Lincoln v. Maketa*, No. 15-CV-00423-CMA-KMT, 2015 WL 3413271, at *3 (D. Colo. May 28, 2015).

9.      As for the fourth and fifth factors, there is no significant nonparty interest in this case and the public's only interest in this case is "a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest." *Medina*, 2014 WL 3563364 at *2.

WHEREFORE, the Parties respectfully request that the Joint Motion to Stay Discovery be GRANTED and the Court grant all such other and further relief as it deems proper. The Parties agree to file a status report regarding further scheduling within 14 days of the Court's ruling on the MTD.

Dated:  November 19, 2021                 Respectfully submitted,


                                          /s/ *Lauri A. Mazzuchetti*

                                          Lauri A. Mazzuchetti
                                          Whitney M. Smith
                                          KELLEY DRYE & WARREN LLP
                                          One Jefferson Road
                                          Parsippany, New Jersey 07054
                                          Telephone: 973-503-5900
                                          Facsimile: 973-503-5950
                                          Email: lmazzuchetti@kelleydrye.com
                                                 wsmith@kelleydrye.com

                                          Stacy A. Carpenter, #27227
                                          Richard M. Murray, #38940
                                          POLSINELLI PC
                                          1401 Lawrence Street, Suite 2300
                                          Denver, Colorado 80202
                                          Telephone:  303-572-9300
                                          Facsimile:  303-572-7883
                                          Email: scarpenter@polsinelli.com
                                                 rmurray@polsinelli.com

                                          *Counsel for Red Robin International, Inc. Red
                                          Robin Gourmet Burgers, Inc.*


                                          /s/ *Thomas E. Wheeler*

                                          Thomas E. Wheeler
                                          Law Offices of Todd M. Friedman, P.C.
                                          21031 Ventura Blvd. Suite 340
                                          Woodland Hills, CA 91364
                                          Telephone: 323-306-4234
                                          Facsimile: 866-633-0228
                                          Email: Twheeler@toddflaw.Com

                                          *Counsel for Plaintiff Mark Mina*

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2021, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all parties of record.

/s/ Lauri A. Mazzuchetti
Lauri A. Mazzuchetti