IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00612-RM-NYW

MARK MINA, on behalf of all others similarly situated,

    Plaintiff,

v.

RED ROBIN INTERNATIONAL, INC., and
RED ROBIN GOURMET BURGERS INC.,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Mark Mina ("Plaintiff" or "Mr. Mina") and Defendants Red Robin International, Inc. and Red Robin Gourmet Burgers Inc.'s ("Defendants" or "Red Robin" and collectively with Plaintiff, the "Parties") Unopposed Joint Motion to Stay Discovery ("Motion to Stay" or the "Motion") [Doc. 117, filed November 19, 2021]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 6, 2020 [Doc. 55], and the Memorandum dated November 19, 2021 [Doc. 118]. After carefully reviewing the Motion, the entire case file, and the applicable case law, I respectfully **GRANT** the Motion to Stay.

### BACKGROUND

    Plaintiff initiated this putative class action against Defendants by filing his Complaint in the United States District Court for the Central District of California on November 7, 2018, alleging Defendants' violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* [Doc. 1]. Defendants subsequently filed a Motion to Transfer Case [Doc. 41, filed

January 10, 2020], and the Honorable Philip S. Gutierrez granted the same on March 3, 2020 [Doc. 50]. The instant action was transferred to the District of Colorado on March 4, 2020, assigned to the Honorable Raymond P. Moore, and drawn to the undersigned Magistrate Judge. [Doc. 51; Doc. 53; Doc. 54]. Upon his assignment, the presiding judge, Judge Moore, referred this action to the undersigned. [Doc. 55].

On May 14, 2020, proposed intervenor John Geraci ("Mr. Geraci") filed a Motion to Intervene [Doc. 67], seeking to intervene in and stay the instant action pending resolution of his first-filed putative class action, *Geraci v. Red Robin Int'l, Inc.*, Civil Action No. 1:19-cv-01826-RM-KLM (D. Colo. Nov. 1, 2018) ("Geraci Action").[1] The Geraci Action was originally filed in the United States District Court for the District of New Jersey, and later transferred to the District of Colorado on June 24, 2019. *See* [*id.* at ECF Nos. 1, 22].[2]

Shortly thereafter, Defendants sought a stay of proceedings pending a decision by the United States Supreme Court ("Supreme Court") in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), *cert. granted*, 2020 WL 3865252 (U.S. July 9, 2020) (No. 19-511). [Doc. 74, filed July 30, 2020]. Plaintiff filed a statement of non-opposition to Defendants' Motion to Stay and requested that the court withhold ruling on the Motion to Intervene until the Supreme Court decided *Duguid*. [Doc. 76]. Judge Moore granted Defendants' Motion to Stay on August 28,

---

[1] This court uses the convention of [Doc. \_\_\_] and the page number assigned by the Electronic Court Filing System ("ECF") for this District to refer to materials filed in this action. For docket entries from other cases, the court refers to the case number, and then uses the convention [ECF No. \_\_\_].

[2] Mr. Geraci asserted that these putative class actions raise virtually identical allegations and claims against the same defendant and, "[b]ecause this action is substantially similar to and consumed by the earlier-filed Geraci Action, this action should be stayed pending disposition of [sic] Geraci Action under the 'first-to-file rule.'" [Doc. 67 at 2 (quoting *Rocky Mountain Chocolate Factory, Inc. v. DJRJ, LLC*, No. 16-cv-0087-WJM-MEH, 2016 WL 1377160, at *3 (D. Colo. Apr. 7, 2016)) (further citations omitted)].

2020, thereby staying all proceedings in this case, including the Motion to Intervene, pending a decision by the Supreme Court in *Duguid*. [Doc. 77].

On April 1, 2021, the Supreme Court issued its opinion in *Duguid*. No. 19-511, 2021 WL 1215717 (Apr. 1, 2021). Accordingly, Judge Moore lifted the stay and ordered this action proceed. [Doc. 82, filed April 8, 2021]. The undersigned held a Telephonic Status Conference with the Parties and Mr. Geraci on April 12, 2021, and ordered the Parties and Mr. Geraci to file a Joint Status Report outlining, from each party's perspective,

> (1) whether the party seeks to move forward with this (and its related) action; (2) if a party seeks to pursue this action, what discovery has occurred to date, and the scope and timeline for formal discovery; and (3) the mechanism proposed for resolving whether the technology at issue meets the requirement for TCPA liability as defined by the Supreme Court in *Duguid*.

[Doc. 84]. The Parties and Mr. Geraci subsequently sought, and this court granted, several extensions of time to file the requisite Joint Status Report. [Doc. 85; Doc. 86; Doc. 87; Doc. 88; Doc. 89; Doc. 90].

On June 16, 2021, the Parties jointly filed a motion for extension of time, requesting 14 additional days to submit their Joint Status Report to allow (a) Plaintiff time to evaluate information provided by Red Robin; and (b) the Parties time to meet and confer regarding their positions with respect to pursuing the instant action, and if necessary, the proposed mechanism to resolve whether the technology at issue meets the requirement for TCPA liability as defined in *Duguid*. [Doc. 91]. The Parties also asserted that Mr. Geraci was not a party to the Joint Motion for Extension of Time because the Geraci Action was dismissed on June 11, 2021. [*Id.* at 1 n.1 (citing *Geraci v. Red Robin Int'l, Inc.*, Civil Action No. 19-cv-01826-RM-KLM (D. Colo.) [ECF No. 98])]. The court granted the Parties' request. [Doc. 93; Doc. 94]. On June 22, 2021, the undersigned issued a Recommendation that Mr. Geraci's Motion to Intervene [Doc. 67] be denied

3

as moot on the basis that the Geraci Action had been dismissed, [Doc. 93], and Judge Moore subsequently adopted the Recommendation. [Doc. 107, filed September 15, 2021].

On June 30, 2021, the Parties filed a Joint Status Report [Doc. 95], wherein Plaintiff represented that he "served formal document requests and interrogatories on Defendant[s]," which had not yet responded, and that Plaintiff "intends to proceed with his TCPA claim." [Doc. 95 at 2]. Plaintiff also requested "the opportunity to pursue formal discovery focused on the issue of whether the technology Red Robin used to send text messages qualifies as an automatic telephone dialing system ('ATDS') under the standards set forth by the Supreme Court." [*Id*.] Further, Plaintiff objected to "Red Robin's position [in the Joint Status Report] to the extent it provide[d] argument as to the merits of the case and attempts to relitigate the pleadings." [*Id*.].

Defendants also set forth their positions in the Joint Status Report, including that they had "responded to informal discovery requests, including producing a copy of the source code for the technology that was used to send the text messages at issue" on May 17, 2021. [*Id*. at 3]. Defendants proposed that "Plaintiff should be required to amend his complaint to articulate his theory of how an ATDS was used to send him text messages under the standards set forth by the Supreme Court in *Facebook*." [*Id*.]. Defendants also asserted that they intended to respond to such amended complaint with a motion to dismiss, and "[n]o further discovery should occur until the motion is decided." [*Id*. at 3–4]. Finally, in responding to Plaintiff's claims about Defendants' purported failure to respond to Plaintiff's formal discovery requests, Defendants stated that "the deadline to respond to that discovery was extended by agreement of the parties and the Supreme Court granted *certiorari* in the *Facebook* matter shortly after that agreement was reached, on July 9, 2020"; and pointed out that "Plaintiff subsequently agreed to stay these proceedings pending the decision in *Facebook*." [*Id*. at 4].

4

In light of the issues raised in the Joint Status Report, the court held a Status Conference on July 13, 2021. [Doc. 97]. Thereafter, the court scheduled the Scheduling Conference for August 20, 2021, and ordered the Parties to submit, by August 13, 2021, a proposed Scheduling Order detailing the discovery necessary and the proposed deadlines, including the consideration of phased discovery. [Doc. 98]. On August 10, 2021, Plaintiff filed an unopposed motion to continue the deadline to file the proposed Scheduling Order and the Scheduling Conference [Doc. 99], which the court subsequently granted, [Doc. 102], and ordered the Parties to submit proposed Scheduling Order by September 7, 2021 and reset the Scheduling Conference for September 14, 2021, [*id*.].

On September 14, the undersigned held the telephonic Scheduling Conference where the Parties "discuss[ed] the proposed briefing schedule" and were informed that "[t]he court does not typically stay discovery pending the outcome of a Motion to Dismiss." [Doc. 106 at 1]. Additionally, based on the Parties' representations during the conference, the undersigned ordered that Plaintiff file a First Amended Complaint by September 17, 2021; Defendants file a Motion to Dismiss by October 8, 2021; and that Plaintiff and Defendants file their response and reply to the Motion to Dismiss by October 29 and November 29, 2021, respectively. [*Id*. at 2]. Further, the undersigned ordered that, "[n]o later than November 19, 2021, the Parties shall meet and confer and submit a further Supplemental Scheduling Order with proposed dates and discovery limitations, and articulate the specific discovery anticipated by both sides." [*Id*]. Additionally, the court ordered that "[n]o stay of discovery pending the disposition of the anticipated Motion to Dismiss will be permitted absent the filing and grant of a formal motion regarding the same." [*Id*.].

On September 15, 2021, Plaintiff filed the First Amended Class-Action Complaint ("First Amended Complaint"), maintaining his allegations that Defendants violated the TCPA. [Doc.

5

108]; *see also* [Doc. 109]. On October 8, 2021, Defendants filed a "Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6)" Plaintiff's First Amended Complaint ("Motion to Dismiss") [Doc. 110], which Judge Moore subsequently referred to the undersigned, *see* [Doc. 114]. On October 29, 2021, Plaintiff filed his response to the Motion to Dismiss [Doc. 111], as well as a document titled Plaintiff's Request for Judicial Notice of Brief of Amici Curiae John McCurley and Dan DeForest filed in *Facebook Inc. v. Duguid*, 141 S. Ct. 1163 (2021); Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United Stated Senate One Hundred Second Congress First Session July 24, 1991, Testimony of Steve Hamm" ("Request for Judicial Notice") [Doc. 112]. On November 12, Defendants filed their Reply to the Motion to Dismiss [Doc. 115] and Defendants' Opposition to Plaintiff's Request for Judicial Notice [Doc. 116]. On November 19, the Parties filed the instant Motion to Stay, seeking to stay discovery pending the court's ruling on Defendants' Motion to Dismiss. [Doc. 117 at 1].

**LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D.

6

Colo. Mar. 30, 2006). Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

The Parties argue for a stay of discovery on the basis that the court's ruling on the Motion to Dismiss "could be dispositive of the case and could serve to narrow the scope of discovery in this matter or eliminate the need for it entirely." [Doc. 117 at 2 ¶ 3]. The Parties also assert that a stay "would prevent the Parties from unnecessarily expending resources on issues that the Court may dispose of in the near future," and the court's ruling on the Motion to Dismiss "could also affect the scope of – and need for – the Parties' expert disclosures." [*Id*.].

To begin, a stay is not warranted merely because Defendants filed a Motion to Dismiss that they believe is dispositive of this entire matter. *See Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case" when considering the appropriateness of a stay). Indeed, while courts may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues, *see, e.g.*, *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22,

7

2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."), the same is not necessarily true for motions testing the adequacy of the plaintiff's pleading, *see, e.g.*, *De Leon v. Marcos*, No. 09-cv-02216-MSK-MEH, 2009 WL 3756374, at *1 (D. Colo. Nov. 9, 2009) (denying the defendant's Motion to Stay pending resolution of its Rule 12(b)(6) Motion to Dismiss because "it is the policy in this district not to stay discovery pending a ruling on motions to dismiss," and noting that a stay "could substantially delay the ultimate resolution of the matter").

Next, as to the first and second *String Cheese* factors, the Parties argue that staying discovery "would prejudice neither of the Parties, as both Parties are jointly requesting a stay of discovery." [Doc. 117 at 3 ¶ 7]. Given that the Motion is jointly filed, the court finds the first and second *String Cheese* factors to be neutral to this court's determination. *See Herman et al., v. PBIA & CO. et al.*, No. 19-cv-00584-PAB-GPG, 2021 WL 5280487, at *2 (D. Colo. June 10, 2021).

As to the third factor, the Parties argue that the court "would also benefit from a stay, as "'any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss.'" [Doc. 117 at 3 ¶ 8 (citing *Lincoln v. Maketa*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271, at *3 (D. Colo. May 28, 2015))]. While *Maketa* is distinguishable (because there, the defendants raised a qualified immunity defense for which the legal authority tips in favor of a stay), this court respectfully agrees judicial efficiency would be served by first resolving the pending Motion to Dismiss. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("Likewise, the imposition of a stay pending a decision on a dispositive

motion that would fully resolve the case 'furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery.'" (citation omitted)). It is not clear that discovery will focus upon significant disputes regarding the underlying facts as to *how* Defendant's text message system operates; rather, the more salient inquiry appears to be whether the operation constitutes either an "automatic telephone dialing system" as interpreted by the United States Supreme Court in *Duguid* or "an artificial or prerecorded voice" in violation of the TCPA. Further, the Parties represent, and this court agrees, that to the extent that the action is not resolved at the motion to dismiss phase, it will likely require expert discovery that may be informed by this the court's ruling on the Motion to Dismiss. [Doc. 117 at ¶ 3]. Accordingly, the third factor weighs in favor of a stay.

Examining the fourth factor, this court finds that the interests of non-parties are neutral. The Parties do not identify any specific non-parties (as opposed to the public at large) whose interests may be affected by the imposition of a stay in this matter, *see generally* [Doc. 117]. And it is premature for this court to attempt to address any potential class members who are not currently named plaintiffs. *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021).

And regarding the fifth factor, "the general public's primary interest in this case is an efficient and just resolution." *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). Accordingly, the fifth factor weighs in favor of a stay.

After considering all the *String Cheese Incident* factors, this court concludes that a stay of discovery is appropriate in this case.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

    (1)      The Parties' Joint Motion to Stay [Doc. 117] is **GRANTED**;

    (2)      Discovery in this matter is **STAYED** pending resolution of the pending Motion to Dismiss [Doc. 110].

    (3)      Within three (3) business days of the disposition of the pending Motion to Dismiss, to the extent there are any remaining claims, the Parties will CONTACT the chambers of this Magistrate Judge to schedule a Status Conference to discuss further discovery and advise whether the proposed Scheduling Order should be resubmitted.

DATED:  December 6, 2021

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge