IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00612-RM-KLM

MARK MINA, as an individual and on behalf of all others similarly situated,

    Plaintiff,

v.

RED ROBIN INTERNATIONAL, INC., and
RED ROBIN GOURMET BURGERS, INC.,

    Defendants.

---

**ORDER**

---

This class action lawsuit asserting a single claim under the Telephone Consumer Protection Act ("TCPA") is before the Court on the Recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 123) to grant Defendants' Motion to Dismiss (ECF No. 110). Plaintiff filed an Objection to the Recommendation (ECF No. 124), and Defendants filed a Response (ECF No. 125). For the reasons below, the Court overrules the Objection and adopts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.    LEGAL STANDARDS**

    **A.    Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that

are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

     **B.**     **Dismissal under Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). To defeat a motion to dismiss, the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

**II.**     **BACKGROUND**

While dining at one of Defendants' restaurants, Plaintiff agreed to participate in the Red Robin Royalty program by providing his telephone number. In the months that followed, he received promotional text messages from Defendants on his cell phone. In November 2018, he filed this lawsuit in the United States District Court for the Central District of California, asserting that Defendants' conduct violated the TCPA. After the case was transferred to this District, the Court stayed the proceedings while *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163

(2021), was pending before the Supreme Court. After *Duguid* was decided, the stay was lifted, and Plaintiff filed the Amended Complaint in September 2021. He alleges that Defendants violated the TCPA both by using an automatic telephone dialing system (or "autodialer") and by sending him text messages using an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1). Defendants' Motion to Dismiss was referred to the magistrate judge for a Recommendation.

As a threshold matter, the magistrate judge declined to take judicial notice of materials Plaintiff submitted with his Response—an amicus brief filed by Plaintiff's counsel in *Duguid* and some hearing testimony pertaining to the TCPA. The magistrate judge went on to conclude that the allegations in the Amended Complaint were insufficient to state a violation of the TCPA under either of Plaintiff's theories.

First, relying on the *Duguid* and the plain language of the TCPA, the magistrate judge found the allegations failed to establish that the equipment Defendants used to send the promotional texts had the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator. The magistrate judge rejected Plaintiff's contention that the term "number generator," as used in the TCPA, encompasses something other than a *telephone* number generator. The magistrate judge also rejected Plaintiff's contention that using a number generator to select telephone numbers to dial from a list of voluntarily provided telephone numbers necessarily amounted to use of an autodialer under the TCPA. And the magistrate found Plaintiff's reliance on footnote seven in *Duguid* was misplaced because there, the Court was merely explaining that "the storing and producing functions often merge," such as when an autodialer uses a random number generator to determine the order in which to pick telephone numbers "from a

3

*preproduced* list." 134 S. Ct. at 1172 n.7 (emphasis added). The magistrate judge also rejected Plaintiff's contention that further discovery was warranted because his allegations established that the telephone numbers at issue in this case were *not* randomly or sequentially generated.

Second, the magistrate judge was unpersuaded by Plaintiff's contention that Defendants' sending of text messages amounted to use of "an artificial or prerecorded voice" under § 227(b)(1) of the TCPA. The magistrate judge determined that Plaintiff's expansive reading of the term "voice" was not consistent with the plain statutory language. Moreover, the magistrate noted relevant guidance from the Federal Communications Commission about distinguishing "voice calls" from "text calls" also weighed against Plaintiff's proposed interpretation. (ECF No. 123 at 17 n.3.)

### III.  ANALYSIS

Plaintiff contends that the magistrate judge erred by denying his request for judicial notice and by finding that he failed to allege Defendants' use of either an automatic telephone dialing system or an artificial or prerecorded voice. The Court is not persuaded by these arguments.

#### A.  Request for Judicial Notice

Courts generally limit review of a motion to dismiss to the four corners of the pleadings because the purpose of such a motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A court may consider documents outside the complaint if they are central to the plaintiff's claim and referred to in the complaint and the parties do not dispute their authenticity. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). Or a

court may consider such documents to show their contents but not to prove the truth of matters asserted in them. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Here, Plaintiff does not argue that limited circumstances discussed above apply with respect to the amicus brief and hearing testimony he submitted with his Response. He argues merely that these materials are "relevant." (ECF No. 124.) But the *Duguid* decision speaks for itself, regardless of whatever amicus briefs were submitted to or considered by the Supreme Court. And courts resort to legislative history, if at all, only when a statute is deemed ambiguous. *See Kan. Nat. Res. Coal. v. U.S. Dep't of Interior*, 971 F.3d 1222, 1237 (10th Cir. 2020) ("Once we exhaust tools of statutory interpretation, we may (cautiously) turn to the legislative history."). That is not the case here. Moreover, Plaintiff makes no showing of how the outcome would have been different had the materials been considered. Under the circumstances, the Court discerns no error with respect to the magistrate judge's decision not to take judicial notice of the materials he submitted.

### B. Use of an Autodialer

Pursuant to 47 U.S.C. § 227(a)(1), an "automatic telephone dialing system" (commonly known as an "autodialer") refers to equipment which can "store or produce telephone numbers to be called, using a random or sequential number generator" and "dial such numbers." Plaintiff alleges that even though the telephone numbers to be called are stored in a list and not themselves randomly and sequentially generated, the platform Defendants use to send promotional text messages "uses an algorithm whereby a random or sequential number generator . . . selects which number to dial from the stored list of numbers, and sequences those numbers in order to automatically dial the numbers and send ou[t] text messages en masse." (ECF No. 108,

¶ 39.) But regardless of how the term "number generator" might be used in other contexts, the Supreme Court has spoken with respect to the definition of autodialers in the context of the TCPA: "To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a *telephone* number using a random or sequential generator or to produce a *telephone* number using a random or sequential number generator." *Duguid*, 141 S. Ct. at 1167 (emphasis added).

As if this were not enough to foreclose Plaintiff's position, it is also inconsistent with principles of textual interpretation and the decisions of other courts that have reached this issue, as explained in the Recommendation. *See, e.g.*, *Beal v. Outfield Brew House, LLC*, 29 F.4th 391, 397 (8th Cir. 2022) (holding that "a system that merely stores and dials phone numbers," and does not sequentially generate them, is not an autodialer); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 460 (7th Cir. 2020) (holding that a system that "exclusively dials numbers stored in a customer database" is not an autodialer).

Contrary to Plaintiff's argument, the magistrate judge did not conclude that the term "number generator" is "vague" in this context (ECF No. 124 at 13), nor does the Court perceive it to be so. Thus, Plaintiff's reliance on legislative history pertaining to the TCPA is misplaced. *See Kan. Nat. Res. Coal.*, 971 F.3d at 1237.

The Court will ignore Plaintiff's perplexing argument about predictive dialers, which are nowhere mentioned in the Complaint or the *Duguid* decision.

And finally, the Court rejects Plaintiff's contention that the magistrate judge's interpretation of the TCPA renders the consent provisions in the statute "irrelevant surplusage." (ECF No. 124 at 18.) Even if Plaintiff is correct in theory that a person cannot "consent" to

having their telephone number randomly generated, use of an autodialer is not the only way to violate the TCPA. Thus, the consent provision would still apply where the caller uses an artificial or prerecorded voice.

Therefore, the Court discerns no error with respect to the magistrate judge's analysis of this issue.

### C. Use of an Artificial or Prerecorded Voice

As mentioned above, the TCPA prohibits callers, under certain circumstances, from using "an artificial or prerecorded voice." § 227(b)(1). Plaintiff cites no authority, and the Court is aware of none, for the proposition that sending text messages could amount to using an artificial or prerecorded voice under the TCPA. Instead, Plaintiff relies on dictionary definitions and policy arguments to support his position. While the Court does not disagree with the notion that the policy of protecting telephone privacy might be advanced by a prohibition on unwanted text messages, that is not what the TCPA currently does. And in common parlance, text messages simply are not considered "voices." It is well established that "when interpreting any statute, we start with the statute's plain language and assume that the legislative purpose is expressed by the ordinary meaning of the words used." *United States v. Hernandez-Calvillo*, 39 F.4th 1297, 1302 (10th Cir. 2022) (quotation omitted). Accordingly, the magistrate judge did not err by concluding that Plaintiff's allegations based on text messages do not plausibly state a TCPA claim premised on Defendants' use of an artificial or prerecorded voice.

**IV.    CONCLUSION**

Therefore, the Objection (ECF No. 124) is OVERRULED, the Recommendation (ECF No. 123) is ACCEPTED, and the Motion to Dismiss (ECF No. 110) is GRANTED.  The Clerk is directed to CLOSE this case.

DATED this 19th day of August, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

8